IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **LOREAL NICOLE ROE, individually and on behalf of all others similarly situated,**<br>　　　*Plaintiff*,<br><br>v.<br><br>**THE PHOENIX RECOVERY GROUP,**<br>　　　*Defendant* | **CIVIL ACTION NO. 6:17-cv-42**<br><br>**COMPLAINT – CLASS ACTION** |

## ORIGINAL CLASS ACTION COMPLAINT

*Jury Trial Requested*

Plaintiff Loreal Nicole Roe (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff institutes the action in accordance with, and to remedy violations by, Defendant The Phoenix Recovery Group (hereinafter "Defendant") of the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 *et seq.* (hereinafter "TDCA"). Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendant from its unlawful conduct.

### I.
### PARTIES

1.　　Plaintiff Loreal Nicole Roe is a natural person who resides in Henderson County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2. The Phoenix Recovery Group is a collection agency with its principal office located at 2939 Mossrock, Suite 220, San Antonio, Texas 78230-5151 which operates as a collection agency, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6).

3. All conditions precedent to the Plaintiff proceeding with this lawsuit have occurred.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

5. Pursuant to 28 U.S.C.A. § 1367(a), Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendant arising under state law.

6. Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendant is actively doing business in this State and is subject to personal jurisdiction throughout the State; (ii) Defendant transacts business in the State and in the District by and through the collection of consumer debts in this State and District; and (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District. Venue is also proper in this District because the Plaintiff has resided in this District at all times relevant to these claims.

## III.
## THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 U.S.C. § 1692 *et seq*.

7. In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As stated in the preamble to the law,

the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages." *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted). "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

## IV.
## FACTS RELATED TO PLAINTIFF LOREAL NICOLE ROE

8. On or before June 30, 2016 an obligation (the "Debt") was allegedly incurred by Plaintiff to the original creditor, Hillcrest Mesquite ("Creditor").

9. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and therefore it meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and TEX. FIN. CODE § 392.001(2).

10. Creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

11. On or before June 30, 2016 the Debt was assigned to, purchased by, or transferred to Defendant for collection, or Defendant was employed by Creditor to collect the Debt.

12. Defendant meets the definition of a "debt collector" under TEX. FIN. CODE § 392.001(6) and 15 U.S.C. § 1692a(6).

13. Defendant contends that the Debt is in default.

14. On or about June 30, 2016 Defendant sent a collection letter to Plaintiff in an attempt to collect the Debt. (See Exhibit A.)

15. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

17. The June 30, 2016 letter to the Plaintiff stated in part:

"Please note there is a $12.00 processing fee for each credit card or ACH transaction, and will be added to the payment amount when processed."

18. Upon information and belief, the Defendant has no legal or contractual right to charge a processing fee.

19. By charging a processing fee, the Defendant caused the Plaintiff a risk of real harm, in that the Plaintiff would be paying the Defendant for a service that Defendant is not legally entitled to charge for and an added amount to the initial amount owed.

20. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and the TDCA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

21. The above unlawful practices are Defendant's routine procedures for collecting consumer debts.

22. The collection or attempted collection of consumer debts in the aforementioned manner violates both state and federal collection laws.

## V.
## CLASS ALLEGATIONS

23. This action is maintained as a class action on behalf of the following described class (hereinafter collectively referred to as "the Class"):

> All persons who reside in the State of Texas who received a collection letter from the Defendant attempting to collect a debt or an alleged debt, which letter mentioned a charge for a processing fee for a credit card and/or ACH transaction.

> Excluded from the Class are all employees, including, but not limited to, Judges, clerks and court staff and personnel, of the United States District Court, their spouses, and any minor children living in their households. Also excluded are employees of Defendant, their spouses, and any minor children living in their households. Also excluded are Class counsel and their employees, their spouses, and any minor children living in their households.

24. The unlawful actions of Defendant entitle Plaintiff and each Class Member to actual and statutory damages as well as injunctive relief.

25. The members of the Class for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of Class Members is unknown to Plaintiff. However, the number of the Class Members is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendant.

26. Plaintiff will fairly and adequately protect the interests of each Class Member and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiff understands and appreciates his duties to each member of the Class under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent Class Members.

27. Plaintiff is asserting claims that are typical of the claims of each Class Member she seeks to represent, in that Defendant engaged in the collection and/or attempted collection of debts from each Class Member she seeks to represent in the same manner—and utilizing the same method—as Defendant utilized against the Plaintiff. All claims alleged on behalf of each Class Member

flow from this conduct. Further, there is no conflict between Plaintiff and any Class Member with respect to this action.

28. There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendant's conduct are common to all members of the Class, and such common issues of law and fact predominate over any questions affecting only individual members of the Class. Issues of law and fact common to members of the class include, but are not limited to, the following:

   a. Whether Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act;

   b. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692(e)(2);

   c. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692(e)(2)(A);

   d. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692(e)(2)(B);

   e. Whether Defendant is liable for damages under the FDCPA and the amount of such damages;

   f. Whether Defendant is a "debt collector" as that term is defined by the Texas Debt Collection Practices Act;

   g. Whether Defendant's actions constitute a violation of TEX. FIN. CODE § 392.303(2);

   h. Whether Defendant is liable for actual damages under the TDCA and the amount of such damages; and

   i. Whether Defendant should be enjoined from engaging in such conduct in the future.

29. The relief sought by each Class Member is common to the entirety of the class.

30. Defendant has acted on grounds generally applicable to each member of the Class, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Class as a whole. Therefore, certification pursuant to FED. R. CIV. P. 23(b)(2) is warranted.

31.     This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendant.

32.     This action is properly maintained as a class action in that the prosecution of separate actions by Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

33.     A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

    a.    significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

    b.    the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate action;

    c.    without the representation provided by Plaintiff herein, few, if any, Class Members will receive legal representation or redress for their injuries;

    d.    class treatment is required for optimal deterrence;

    e.    despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

    f.    no unusual difficulties are likely to be encountered in the management of this class action;

    g.    absent a class action, Defendant's illegal conduct shall go unremedied and uncorrected; and

    h.    absent a class action, the members of the class will not receive compensation and will continue to be subjected to Defendant's illegal conduct.

34. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## VI.
## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant is a debt collector as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6).

37. Plaintiff is a consumer as defined by the FDCPA. *See* 15 U.S.C. § 1692a(3).

38. The debt that Defendant sought to collect was a consumer debt as defined by the FDCPA. *See* 15 U.S.C. § 1692a(5).

39. Defendant's conduct violated 15 U.S.C. § 1692(e)(2) in that Defendant falsely represented the character, amount, or legal status of the debt and falsely represented that a convenience fee may lawfully be received by the Defendant in violation of 15 U.S.C. § 1692e(2)(A) and 1692e(2)(B).

40. The Defendant further violated said section by using false representation or deceptive means in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692(e)(10).

41. Congress enacted the FDCPA to prevent real harm. Under the FDCPA, the Plaintiff has a statutory right to not be subjected to false representation. The harm that Plaintiff has alleged is exactly the harm Congress targeted by enacting the FDCPA. Congress "elevat[ed]" these

"concrete, de facto" injuries "to the status of legally cognizable injuries." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Its aim was "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

42. As a result of Defendant's violations of 15 U.S.C. § 1692(e)(2) and (e)(10), Plaintiff and FDCPA Class members are each entitled to actual and statutory damages.

43. Plaintiff and FDCPA Class members are also entitled to an award of attorneys' fees and costs.

## COUNT TWO
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT, TEX. FIN. CODE § 392.001, *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. The acts of Defendant constitute violations of the TDCA. *See* TEX. FIN. CODE § 392.001 *et seq.*

46. Defendant is a "debt collector" as defined by the TDCA. *See* TEX. FIN. CODE §392.001(6).

47. Plaintiff is a "consumer" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(1).

48. The debt that Defendant sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

49. The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers.

50. Specifically, TEX. FIN. CODE § 392.303(2) states, in pertinent part, that a debt collector is prohibited from collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or is legally chargeable to the consumer.

51. Defendant's conduct violated TEX. FIN. CODE § 392.303(2) because its conduct constituted an attempt to collect an unauthorized fee. Thus, Defendant engaged in conduct expressly prohibited by TEX. FIN. CODE § 392.303(2).

52. As a result of Defendant's violations of the TDCA, Plaintiff and Class Members are entitled to and do seek an injunction against Defendant to prevent or restrain further violations. TEX. FIN. CODE § 392.403(1).

53. Defendant's described actions in violation of the Texas Debt Collection Act have directly and proximately caused Plaintiff and Class Members injury for which they are entitled to actual damages, statutory damages, and reasonable attorneys' fees and costs, declaratory relief, injunctive relief, and other legal and equitable relief pleaded herein.

## VII.
## VICARIOUS LIABILITY

54. At all times relevant hereto, the individual debt collectors who contacted, attempted to contact and/or attempted to communicate with Plaintiff and the Class Members, were employed by Defendant and were working in the course and scope of their employment with Defendant. Defendant had the right to control their activities. Therefore, Defendant is liable for their actions, inactions, and conduct which violated the FDCPA and TDCA and proximately caused damages to Plaintiff and each member of the class as described herein.

## VII.
## JURY REQUEST

55. Plaintiff requests that this matter be tried before a jury.

WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendant as follows:

   a. Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).

    b. Declaring:

        i. Defendant's actions violated the FDCPA;
        ii. Defendant's actions violated the TDCA;

    c. Enjoin Defendant from committing further violations of the FDCPA and the TDCA;

    d. Awarding Plaintiff and Class Members actual and statutory damages and penalties under the FDCPA and the TDCA;

    e. Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs; and

Granting such other relief that equity and the law deems appropriate.

Dated: January 19, 2017        Respectfully submitted,

*/s/ Walt D. Roper*
Walt D. Roper
TX State Bar No. 00786208
**THE ROPER FIRM, P.C.**
3001 Knox Street
Suite 405
Dallas, TX 75205
214.420.4520
1+214.856.8480 - Facsimile
walt@roperfirm.com

**ATTORNEY FOR PLAINTIFF**