IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| LOREAL NICOLE ROE | § | |
| --- | --- | --- |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:17cv42 |
| | § | |
| TOTLECA ENTERPRISES, INC., d/b/a | § | |
| THE PHOENIX RECOVERY GROUP | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion for Summary Judgment (ECF 32) and Defendant's Motion for Summary Judgment (ECF 33). The case was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636. Having considered the pleadings, Plaintiff's Motion for Summary Judgment (ECF 32) is **GRANTED in part and DENIED in part** and Defendant's Motion for Summary Judgment (ECF 33) is **GRANTED in part and DENIED in part**.

### BACKGROUND

Plaintiff filed a First Amended Complaint on December 1, 2017 seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001, *et seq*. Plaintiff alleges that she incurred a debt to Hillcrest Mesquite arising out of an alleged personal residential rental obligation ("the TAA Lease Agreement") in the amount of $2,218.00. Plaintiff defaulted on the debt. She submits that the debt was assigned to, purchased by or transferred to Defendant for collection. Plaintiff alleges that Defendant sent her a collection letter on June 30, 2016 seeking to collect an amount due of

1

$2,268.00. Plaintiff complains that the amount due included a $50.00 "agency fee."[1] Plaintiff submits that the $50.00 fee was an arbitrary amount charged to every consumer and that Defendant did not have a legal or express contractual right to add the fee. Plaintiff states that the letter additionally stated that a $12.00 processing fee would be added for any credit card or ACH transactions, which Plaintiff asserts that Defendant does not have a legal or contractual right to charge consumers.[2] Plaintiff asserts that Defendant's attempt to collect fees beyond the alleged debt balance violates the FDCPA and the TDCA.

In its answer to the Amended Complaint, Defendant agrees that it is a debt collector that sent Plaintiff a collection letter for a debt as it is defined in the FDCPA. Defendant admits to assessing the $50.00 collection fee and argues that it is a permissible, reasonable fee that is found in the contract. Defendant additionally admits that it charges a $12.00 processing fee as a voluntary convenience fee if a consumer choses to pay the debt by credit card or ACH transaction. Defendant asserts an affirmative defense based upon the statute of limitations and additionally submits a counterclaim seeking to recover its attorney fees and costs. Defendant argues that this lawsuit is in bad faith, frivolous, vexatious and brought to harass Defendant.[3]

Plaintiff and Defendant filed competing motions for summary judgment (ECF 32 and 33) and responses thereto (ECF 39 and 36). Plaintiff asserts that Defendant sought to deceptively collect the $50.00 fee and the $12.00 fee in violation of 15 U.S.C. §§ 1692e and 1692f. Plaintiff additionally argues that these fees are not authorized by Texas law.

Defendant contends that Plaintiff's claims are barred by the statute of limitations because she was first put on notice about the $50.00 collection fee in December 2010 and did not file suit

---

[1] *See* First Amended Complaint, ECF 22, at *4, ECF 22-2, and ECF 22-3.
[2] *Id*.
[3] *See* First Amended Answer and Counterclaim, ECF 27, at *7.

until January 19, 2017. Additionally, Defendant argues that the $50.00 fee and the $12.00 fee are both justified and authorized because the TAA Agreement includes a provision that states Plaintiff "must pay all collection agency fees."[4] The full sentence in the TAA Agreement states: "You must pay all collection-agency fees if you fail to pay all sums due within 10 days after we mail you a letter demanding payment and stating that collection agency fees will be added if you don't pay all sums by that deadline."[5] Further, Plaintiff has not paid the debt and has not incurred or been assessed the $12.00 fee.

## SUMMARY JUDGMENT STANDARD

The Court may only grant a motion for summary judgment when there is no genuine dispute of material fact and the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id*. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco,*

---

[4] *See* Defendant's Motion for Summary Judgment, ECF 33-4, at *4 (Exhibit 3)
[5] *Id*.

*Inc*., 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id*.

## ANALYSIS

The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). A debt collector "may not use any false, deceptive, or misleading misrepresentation" concerning the "character, amount or legal status of any debt" or use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(2) and (10). A debt collector may not attempt to collect any amount that is not "authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f. The parties do not dispute that Defendant is a debt collector seeking to collect a debt as those terms are defined in the FDCPA and TDCA.

*Statute of Limitations*

Defendant asserts that Plaintiff was placed on notice of the $50.00 collection fee since the dates that a Move Out Reconciliation dated December 7, 2010 and the first collection letter from Defendant that is dated December 21, 2010 were mailed to her.[6] The Move Out Reconciliation details the charges from Hillcrest Apartments for repairs and replacements, cleaning, unpaid rent,

---

[6] *Id.*, ECF 33-5 (Exhibit 4) and 33-6 (Exhibit 5).

lack of notice and other charges totaling $2218.00.[7] Defendant's uncontroverted summary judgment evidence shows that Plaintiff "skipped out on the lease without notice given on December 7, 2010."[8] The collection letter from Defendant dated two weeks later states that the total amount due to Defendant is $2268.00.[9] Defendant asserts that the $50.00 fee was assessed in December 2010 and that these documents placed Plaintiff on notice that she was being charged an additional $50.00 above the amount overdue to Hillcrest Apartments in December 2010. Accordingly, Defendant submits that Plaintiff's claim regarding the $50.00 collection fee, raised for the first time in the Amended Complaint, is time-barred. The December 2010 letter did not include the additional $12.00 credit card fee that appears in the June 30, 2016 collection letter.

In response, Plaintiff argues that her claim is based solely on the collection letter that is dated June 30, 2016, which also includes the $50.00 fee. She submits that the statute of limitations did not begin to run until that date.

Pursuant to 15 U.S.C. § 1692k(d), a lawsuit seeking to impose liability for debt collection practices must be brought "within one year from the date on which the violation occurs." The focus of the statute of limitations inquiry is "on when the violation occurred." *Purnell v. Arrow Financial Services*, LLC, 303 Fed.Appx. 297, 301 (6th Cir. 2008). Each type of alleged FDCPA violation alleged is considered individually for purposes of applying the statute of limitations. *Solomon v. HSBC Mortg. Corp.*, 395 Fed.Appx. 494, 497 (10th Cir. 2010).

The violations alleged by Plaintiff are that Defendant falsely represented the character, amount or legal status of the debt and falsely represented that a convenience fee may lawfully be received in violation of § 1692e and charged amounts not authorized by the agreement creating

---

[7] *Id*., ECF 33-5 (Exhibit 4).
[8] *Id*., ECF 33-2 (Exhibit 1), at *1.
[9] *Id*., ECF 33-6 (Exhibit 5).

the debt or permitted by law in violation of § 1692f.[10] Plaintiff submits that each attempt to collect the $50.00 fee is a discrete violation, such that she would have a new cause of action each time she is sent a letter from Defendant that includes the fee, regardless of when the fee was assessed. Plaintiff argues that she is "not barred from bringing suit in 2017 simply because [the] illegal conduct first started in 2010."[11]

The Fifth Circuit has not addressed the precise issue before the Court—when the one-year statute of limitations provided in § 1692k begins to run on § 1692e and § 1692f claims arising out of a debt collector's assessment of an allegedly unlawful collection fee. The parties additionally have not cited case law from other courts addressing this precise factual scenario. In the context of a claim brought for a violation of 15 U.S.C. § 1692i(a)(2), which concerns the proper venue for a debt collector to bring suit against a debtor, the Fifth Circuit held that the claim does not accrue until the debtor receives notice that the debt collection suit has been filed. *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 448 (5th Cir. 2013). The Court reasoned that the debtor's injury or harm occurs when he learns that he has been sued in a distant forum. *Id*. at 445–46.

Plaintiff relies on a case from the Eighth Circuit for the proposition that each communication from the debt collector creates a new, actionable violation. In *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685 (8th Cir. 2017), the plaintiff-debtor had a credit card debt that was charged off by Citibank. More than four years later, the defendant, claiming to be the successor in interest to the creditor, sued the plaintiff in state court for the amount of the debt plus post-charge off interest that it allegedly had no right to collect. The plaintiff did not file an answer but appeared for the scheduled trial date. The defendant appeared for trial unprepared to proceed and sought a continuance. The plaintiff alleged that the defendant had a practice of going to trial

---

[10] *See* Amended Complaint, ECF 22, at *6–7.
[11] *Id*. at *10.

instead of seeking default judgments when a debtor did not answer suit so it could improperly collect post-charge off interest. On the rescheduled trial date, the defendant again appeared without any witnesses or evidence and dismissed the case with prejudice. The defendant nevertheless sent discovery requests to the plaintiff eighteen days after the case was dismissed with a notation that the document was a communication from a debt collector to collect a debt. The plaintiff then sued the defendant in federal court asserting claims pursuant to the FDCPA. On these facts, the Court held that the defendant's first appearance in state court for the first trial date—the date on which the defendant allegedly attempted to collect interest that the plaintiff did not owe—was the date of the debt collector's alleged violation for purposes of the statute of limitations analysis. *Id*. at 694.

Some district courts have concluded that the limitations period begins running when the first collection letter is sent when multiple collection notices are sent for the same debt. *See Reese v. JP Morgan Chase & Co.*, 686 F.Supp.2d 1291, 1307 (M.D.Fla. Oct. 15, 2009); *Fontell v. Hassett*, 870 F.Supp.2d 395, 404 (D.Md. June 28, 2012). If Plaintiff's theory is applied here "his cause of action could be kept alive indefinitely because each new communication would start a fresh statute of limitations." *Sierra v. Foster & Garbus*, 48 F.Supp.2d 393, 395 (S.D.NY May 11, 1999). Neither the statute providing the time limitation nor the case law suggests that such a result is intended or appropriate.

The alleged violation of the FDCPA for seeking to collect the $50.00 collection fee occurred in December 2010 when Defendant first assessed and sought to collect the fee. For purposes of applying the statute of limitations, the violation occurs when the debt collector places the collection letter in the mail. *See Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992). Defendant's summary judgment evidence shows that it sent a letter to Plaintiff

on December 21, 2010 seeking to collect the $2218.00 amount owed on her debt and an additional $50.00 fee for a total amount due of $2268.00.[12] Plaintiff did not respond with summary judgment evidence to dispute Defendant's evidence. Instead, Plaintiff merely included a footnote in her brief asserting that the December 2010 collection letter was not disclosed in response to document demands.[13] Notably, a copy of the Move Out Reconciliation was filed by Plaintiff together with her Amended Complaint.[14] Plaintiff did not move to strike Defendant's summary judgment evidence related to the December 2010 letter. Plaintiff has not shown a genuine issue of material fact and, on these specific facts, Plaintiff's FDCPA claim concerning the $50.00 collection fee is barred by the statute of limitations.

Defendant asserts that the default four-year statute of limitations applies to Plaintiff's TDCA claim because the TDCA does not expressly provide a limitations period. Pursuant to TEX. CIV. PRACT. & REM. CODE § 16.051, "[e]very action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues." Plaintiff did not file suit within four years of the assessment and initial attempt to collect the $50.00 collection fee. As a result, Plaintiff's TDCA claim concerning the $50.00 collection fee is also barred by the statute of limitations.

*Added Fees*

Even if not barred by the applicable statute of limitations, Defendant asserts that both the $50.00 collection fee and the $12.00 convenience fee are lawful. A debt collector may collect any amount that is authorized by the agreement that created the debt or that is permitted by law. 15

---

[12] *See* Defendant's Motion for Summary Judgment, ECF 33-2 (Exhibit 1), at *1.
[13] *See* Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF 36, at *11.
[14] *See* Plaintiff's First Amended Complaint, ECF 22-1.

8

U.S.C. § 1692f(1). Defendant argues that these fees were authorized in the lease signed by Plaintiff that included a provision for the lessee to pay all collection agency fees.

Plaintiff submits that Defendant has not shown that it met the condition in the lease agreement prior to assessing the fee. Specifically, the full sentence in the TAA Agreement states: "You must pay all collection-agency fees if you fail to pay all sums due within 10 days after we mail you a letter demanding payment and stating that collection agency fees will be added if you don't pay all sums by that deadline."[15] Plaintiff contends that Defendant has not shown that she was mailed a letter demanding payment and notifying her that collection fees would be added prior to the mailing of Defendant's collection letter with the added collection fees.

Plaintiff additionally relies upon a district court case finding that a defendant did not show that the addition of a 10% late charge and a 35% collection fee would not violate the FDCPA. *See Fonseca v. Focus Financial Services*, 2016 WL 4146663, at *7 (S.D.Fla. Aug. 1, 2016). In that case, the plaintiff, as a hospital patient, signed registration and statement of responsibility forms that included an agreement to pay collection charges incurred if a collection action was initiated. The court concluded that it was unreasonable to expect a patient to be aware that penalties of 10% and 35% of the debt would added.

Unlike the fees in *Fonseca*, the fees here are a flat $50.00 collection fee and a $12.00 convenience fee for the use of a credit card or ACH transaction. Adding a collection fee based upon an underlying agreement is expressly contemplated in 15 U.S.C. § 1692f. What is actionable pursuant to the FDCPA, however, is demanding fees in a way that is contrary to the agreement such as seeking to collect a percentage of the debt when the agreement provided for payment of actual collection costs. *See Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 176 (3rd Cir. 2015);

---

[15] *See* Defendant's Motion for Summary Judgment, ECF 33-4, at *4 (Exhibit 3).

*Kojetin v. C U Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000) (per curiam); *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 610 (11th Cir. 2014).

Here, Defendant arguably attempted to collect the $50.00 collection fee in a way that is contrary to the agreement because no evidence has been presented that the lessor sent a letter to Plaintiff demanding payment and stating that collection agency fees would be added if she did not pay all sums due within ten days. The Court need not reach that issue, however, because Plaintiff's FDCPA and TDCA claims related to the $50.00 collection fee are time-barred as explained above.

The Court turns now to the assessment of a $12.00 fee for payment by credit card or ACH transaction. In his deposition, Frank Gamboa, Defendant's CEO and President, testified that Defendant no longer includes language concerning a $12.00 processing fee for credit card payments in its collection letters.[16] The lease agreement does not expressly address the addition of the convenience fee applied when payment of the debt is made by credit card or ACH transaction. Neither party identified any Texas law that authorizes or prohibits that assessment of a convenience fee. Defendant submits that the fee is included in the lease agreement provision for the lessee to pay "all collection agency fees."

Even if the Court construes the provision as Defendant suggests, however, Defendant did not submit summary judgment evidence showing that it sought to collect the fee in the way that is provided for in the agreement. As explained above with regard to the $50.00 collection fee, the express provision in the agreement states that collection agency fees will be added if the lessee does not pay all sums within ten days of receiving a letter from the lessor demanding payment. Defendant did not address this issue in response to Plaintiff's motion for summary judgment or after the issue was raised in Plaintiff's response to Defendant's motion for summary judgment.

---

[16] *See* Defendant's Motion for Summary Judgment, ECF 33-3 (Exhibit 2), at *3.

Defendant additionally argues that Plaintiff has not suffered an injury because the $12.00 fee is optional, as it is only applied if she chooses to pay by credit card or ACH transaction. However, the availability of an alternative method of payment that does not incur the fee does not alter the analysis of whether the fee is a violation of the FDCPA. *See Weast v. Rockport Financial, LLC*, 115 F.Supp.3d 1018 (E.D.MO July 17, 2015); *Shami v. Nat'l Enter. Sys.*, 2010 WL 3824151, at *3–4 (E.D.NY Sept. 23, 2010).

For these reasons, Defendant has not met its burden of showing that it is entitled to summary judgment as it relates to the $12.00 credit card processing fee. Defendant attempted to collect the $12.00 processing fee in a manner that is contrary to the lease agreement forming the basis of the debt in violation of 15 U.S.C. § 1692(f)(1).

Some courts have held that a processing fee that supports a claim pursuant to § 1692f(1) additionally supports a claim pursuant to § 1692e(2) by falsely implying to the consumer that the debtor is entitled to collect the fee. *See, e.g., Thomas v. John A. Yoderian, Jr., LLC*, 232 F.Supp.3d 656, 679 (D.NJ Feb. 3, 2017); *Quinteros v. MBI Assocs., Inc.*, 999 F.Supp.2d 434, 435 and 440 (E.D.NY Feb. 28, 2014). In contrast, in *Weast*, the court determined that the language of the collection letter did not violate 15 U.S.C. § 1692e because the statement concerning the collection of the processing fee was separate from the statement concerning the balance due. *Weast v. Rockport Financial, LLC*, 115 F.Supp.3d at 1023. The court looked at whether the collection letter implied that the fee was part of the principal debt.

Similar to the collection letter in *Weast*, the letter here did not include the credit card processing fee, unlike the $50.00 collection fee, in the total amount due on the debt. Instead, it is listed in parenthesis as an additional notation if payment is to be made by credit card.[17] With these

---

[17] *See* Defendant's Motion for Summary Judgment, ECF 33-7 (Exhibit 6).

11

facts, the statement does not falsely represent the amount of the debt in violation of 15 U.S.C. § 1692e. As a result, Defendant is entitled to summary judgment on Plaintiff's FDCPA claim brought pursuant to 15 U.S.C. § 1692e.

## CONCLUSION

In sum, Plaintiff's FDCPA and TDCA claims concerning the $50.00 collection fee are barred by the applicable statutes of limitations. Plaintiff is entitled to judgment on her claim brought pursuant to 15 U.S.C. § 1692f(1) for the attempted collection of the $12.00 credit card fee in a manner that was not "authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Plaintiff's motion for summary judgment does not address the application of the TDCA to her claims. Plaintiff did not meet her burden of establishing a violation of § 1692e and Defendant's motion for summary judgment should be granted on Plaintiff's claim brought pursuant to 15 U.S.C. § 1692e. In light of Plaintiff's success on her § 1692f(1) claim, Defendant's counterclaim asserting that the lawsuit is frivolous should be dismissed. It is accordingly

**ORDERED** that Plaintiff's Motion for Summary Judgment (ECF 32) is **GRANTED in part and DENIED in part** and Defendant's Motion for Summary Judgment (ECF 33) is **GRANTED in part and DENIED in part**.

Plaintiff's motion for summary judgment is **GRANTED** on her claim brought pursuant to 15 U.S.C. § 1692f(1) for the assessment of a $12.00 credit card processing fee and her motion to dismiss Defendant's counterclaim. It is **DENIED** in all other respects.

Defendant's motion for summary judgment is **DENIED** as to Plaintiff's claim brought pursuant to 15 U.S.C. § 1692f(1) for the assessment of a $12.00 credit card processing fee and is **GRANTED** on all other claims brought by Plaintiff in this case.

As a result of these rulings, the Pretrial Conference currently scheduled for May 2, 2018 and the Jury Selection and Trial scheduled for May 14, 2018 are **CANCELED**. Any motion not previously ruled on is **DENIED**.

Plaintiff's motion for summary judgment is not clear with respect to the specific damages sought for her § 1692f(1) claim as it relates to the $12.00 credit card processing fee. **Within 20 days**, Plaintiff shall submit a brief, no more than 5 pages in length, addressing the appropriate damages for her claim brought pursuant to 15 U.S.C. § 1692f(1) for the assessment of a $12.00 credit card processing fee. Defendant shall submit a response, also limited to 5 pages in length, within 14 days after Plaintiff files her brief on this issue.

So ORDERED and SIGNED this 20th day of April, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE